**SO ORDERED.**

**SIGNED this 21 day of November, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JOSEPH EBBIE CRIBB,                                    CASE NO. 12-01909-8-JRL

　　DEBTOR.                                             CHAPTER 13

_____

**ORDER**

This matter came before the court on the response and position of Wells Fargo Bank, N.A. ("Wells Fargo") on the debtor's motion to determine the value of relative priority of liens held by Wells Fargo, as successor by merger to Wachovia Bank, N.A. ("Wachovia") and Peachtree Loft Condo Association ("Peachtree") on a condominium located at 878 Peachtree Street, Unit 423, Atlanta, GA 30309 ("condominium"), in order to avoid them pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012. A hearing was held on September 19, 2012 in Wilmington, North Carolina.[1]

On September 27, 2012, the court entered an order memorializing its ruling at the September 19, 2012 hearing, which directed the debtor to provide, within fourteen (14) days from its entry, a

---

[1] Also before the court was confirmation of the debtor's chapter 13 plan of reorganization, to which Peachtree objected.

copy of the order to counsel for Wells Fargo. Wells Fargo was given sixty (60) days from receipt to clarify its position on the existence, amount and relative priority of any liens it held on the condominium. Based on the debtor's testimony and the comparative market analysis prepared by Peter Giovine of Atlanta Communities, the court valued the condominium at $52,000.00. The condominium is encumbered by four separate security interests: (1) a security deed in favor of ABN AMRO Mortgage Group, Inc. ("ABN"), now CitiMortgage (collectively "CitiMortgage") recorded on April 13, 2004, securing a promissory note with an unpaid balance of $88,461.19; (2) an open-end deed to secure debt in favor of Wachovia recorded on November 10, 2003, with an alleged unsatisfied balance of $35,420.00 ("2003 home equity line");[2] (3) an open-end deed to secure debt in favor of Wachovia and recorded on June 13, 2005, with an unpaid balance of $12,814.38 ("2005 home equity line"); and (4) a $12,712.80 statutory lien, pursuant to G.A. Code Ann. § 44-3-109(a), in favor of Peachtree for delinquent and outstanding homeowners association assessments.

Wells Fargo filed a response on November 16, 2012, asserting that the allegedly unsatisfied 2003 home equity line, recorded on in the Fulton County Clerk of Superior Court at Book 36594, Page 50, was paid in full and satisfied. Although Wachovia issued and transmitted a satisfaction of the 2003 home equity line to the Fulton County Clerk of Superior Court, the cancellation, for whatever reason, was incorrectly indexed at Book 37604, Page 192 in Fulton County Clerk of

---

[2]On April 13, 2004, the debtor refinanced the condominium, executing the promissory note and security deed in favor of CitiMortgage. According to the debtor's testimony, the 2003 home equity line was taken out against the condominium prior to refinancing. A portion of the refinancing proceeds were used to payoff and release the debtor from his indebtedness under the 2003 home equity line. As of the date of the prior hearing, the 2003 home equity line remained outstanding on the public land records in the Fulton County Clerk of Superior Court.

Superior Court on May 20, 2004.[3]  Without taking a position with regard to the relative priority or avoidance of the liens held by CitiMortgage or Peachtree, Wells Fargo consented to the avoidance of its 2005 home equity line as long as the debtor successfully completes his chapter 13 plan and receives a discharge.

Under Georgia law, condominium associations are granted statutory liens for any and all sums assessed against a condominium unit or its owners.  G.A. Code Ann. § 44-3-109 (2012). According to G.A. Code Ann. § 44-3-109, the lien on the condominium unit is

> . . . . superior to all other liens whatsoever except:
> (1) Liens for ad valorem taxes on the condominium unit;
> (2) The lien of any first priority mortgage covering the unit and the lien of any mortgage recorded prior to the recording of the declaration;
> (3) The lessor's lien provided for in Code Section 44-3-86; and
> (4) The lien of any secondary purchase money mortgage covering the unit, provided that neither the grantee nor any successor grantee on the mortgage is the seller of the unit.

G.A. Code Ann. § 44-3-109(a).

Based on Wells Fargo's representation that its 2003 home equity line was satisfied, the court finds that CitiMortgage holds a first priority mortgage on the condominium in the amount of $88,461.19, which is superior to Peachtree's statutory assessment lien and Wells Fargo's 2005 home equity line.  Contrary to Peachtree's argument, G.A. Code Ann. § 44-3-109(a)(2) makes it abundantly clear that its assessment lien is not superior to the first priority mortgage held by CitiMortgage.  Furthermore, the aggregate of the liens on the condominium ($113,988.37) exceeds the value of the condominium by $61,988.37.  Because this sum is greater than Peachtree's statutory assessment lien and Wells Fargo's 2005 home equity line the debtor sought to avoid, both are wholly

---

[3]Wells Fargo attached to its response a copy of the incorrectly indexed, but recorded cancellation of the 2003 home equity line.

unsecured and may be avoided in their entirety.

Based on the foregoing, debtor's motion to avoid the liens of Peachtree and Wells Fargo is **ALLOWED.** The value of the debtor's condominium is $52,000.00 and, consequently, the junior liens of Peachtree and Wells Fargo are wholly unsecured and avoided pursuant to § 506 because CitiMortgage holds a first priority mortgage on the condominium in the amount of $88,461.19. Upon completion of the debtor's chapter 13 plan and the entry of his discharge, Peachtree's statutory assessment lien and Wells Fargo's 2005 home equity line shall be void. As for confirmation of the debtor's chapter 13 plan, the trustee is directed to submit a motion for confirmation of the debtor's chapter 13 plan in accordance with this order or reschedule the confirmation hearing in this matter with the clerk.

**END OF DOCUMENT**